IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WEIS,<br><br>    Petitioner,<br><br>v.<br><br>DAVID MITCHELL,<br><br>    Respondent. | Case No. 21-CV-1071-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Michael Weis, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). An amended petition was filed on October 5, 2021, but a perusal of same indicates it was the same document previously filed[1] on August 30, 2021 (Doc. 6). Weis was convicted September 25, 2020 in the Third Judicial Circuit in Madison County, Illinois cause number 2017-cf-825 and was sentenced on March 12, 2021. He is challenging the state court's denial of bail pending appeal as well as the delay in sentencing (Doc. 1, p. 2).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f

---

[1] The Petition (Doc. 1) and Amended Petition (Doc. 6) are both 28 pages and indicate that they were scanned at Pinckneyville CC and emailed by CB on 8/30/21.

it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

The Petition purports to be filed under Section 2241; however, petitioner is in state custody on a state judgment of conviction. Weis asserts he is appealing the trial and appellate court's denial of bail without providing justification, but that is not a cognizable claim under §2241. Indeed, by statute,

> "The writ of habeas corpus shall not extend to a prisoner unless –
>
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> **(5)** It is necessary to bring him into court to testify or for trial."
> 28 U.S.C. §2241(c).

Because Weis is unable to state any grounds for relief in his Petition, the Petition is DISMISSED without prejudice. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003)

(setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir.2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  October 14, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

3